# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUORUM HEALTH CORPORATION, | Case No. 20-10766 (BLS) |
| Reorganized Debtor. | Jointly Administered |
| DANIEL H. GOLDEN, AS LITIGATION TRUSTEE OF THE QHC LITIGATION TRUST, AND WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE | Adv. Proc. No. 21-51190 (BLS) |
| Plaintiffs, | |
| v. | |
| COMMUNITY HEALTH SYSTEMS, INC.; CHS/COMMUNITY HEALTH SYSTEMS, INC.; REVENUE CYCLE SERVICE CENTER, LLC; CHSPSC, LLC; PROFESSIONAL ACCOUNT SERVICES, INC.; PHYSICIAN PRACTICE SUPPORT, LLC; ELIGIBILITY SCREENING SERVICES, LLC; W. LARRY CASH; RACHEL SEIFERT; ADAM FEINSTEIN; AND CREDIT SUISSE SECURITIES (USA) LLC, | |
| Defendants. | |
| and, | |
| QUORUM HEALTH CORPORATION | |
| Plaintiff Intervenor, | |
| v. | |
| COMMUNITY HEALTH SYSTEMS, INC.; W. LARRY CASH; AND RACHEL SEIFERT, | |
| Defendants. | |

## QUORUM HEALTH CORPORATION'S COMPLAINT

Intervenor Quorum Health Corporation. ("Quorum") hereby brings this Complaint for declaratory judgment against defendants Community Health Systems, Inc. ("CHS"), W. Larry Cash and Rachel Seifert (together, the "CHS Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Quorum seeks a determination regarding its advancement and indemnification obligations to the CHS Defendants in connection with this adversary proceeding (the "Adversary Proceeding").

2. As more fully set forth below, and in the letter from the CHS Defendants' counsel, dated December 15, 2021 (the "Indemnification Request"), CHS, Cash and Seifert claim that Quorum is required to make (i) "advancement of the CHS Defendants fees and expenses incurred in defending" against the claims in this Adversary Proceeding and (ii) indemnification for "all Losses" incurred in connection with this Adversary Proceeding, including any damages ultimately ordered and the payments that CHS must make pursuant to its own indemnification obligations to defendants Credit Suisse Securities (USA) LLC ("Credit Suisse") and Adam Feinstein.

3. The purported bases for the Indemnification Request are the Separation and Distribution Agreement by and between CHS and Quorum, dated as of April 29, 2016 (the "Separation Agreement"), and Quorum's Certificate of Incorporation and By-Laws. Contrary to the CHS Defendants' claims in the Indemnification Request, none of these instruments provide the CHS Defendants with advancement or indemnification rights.

4. Accordingly, Quorum now seeks a declaration that it is not required to (i) advance payment of the attorneys' fees and expenses incurred by the CHS Defendants in this Adversary

Proceeding, or (ii) indemnify "all Losses" incurred by the CHS Defendants in this Adversary Proceeding.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 because this is a civil proceeding arising under or relating to the bankruptcy petitions filed by Quorum and its affiliates under Chapter 11 of the United States Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Further, Article XI of the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Dkt. No. 566] provides that the Court retains jurisdiction over matters arising out of or related to these chapter 11 cases.

6. Venue is proper in this Court under 28 U.S.C. § 1409(a).

7. This Court has personal jurisdiction over each of the defendants because they are each incorporated in Delaware or served as a director of an entity incorporated in Delaware.

## PARTIES

8. Quorum was incorporated in Delaware and maintains its principal place of business at 1573 Mallory Lane Brentwood, Tennessee, 37027.

9. Defendant CHS is an operator of general acute care hospitals and outpatient care centers across the United States. CHS is incorporated in Delaware and maintains its principal executive offices at 4000 Meridian Boulevard, Franklin, Tennessee, 37076.

10. Defendant W. Larry Cash was the Chief Financial Officer of CHS from 1997 until 2017. On July 27, 2015, Cash became Quorum's President and a member of Quorum's board of directors. Cash remained the CFO of CHS until his retirement in 2017. Cash resigned from his role as Quorum's President effective April 1, 2016, and resigned from his role as a Quorum director on April 29, 2016, immediately after voting to approve the Spin-Off Dividend. Following his

3

retirement, Cash and CHS entered into a consulting agreement, pursuant to which Cash advised CHS's management team through March 2020.

11. Defendant Rachel Seifert was CHS's Executive Vice President, Secretary, and General Counsel from 1998 until 2017. On July 27, 2015, Seifert became Quorum's Executive Vice President and a member of its board of directors. Seifert resigned from her role as a Quorum officer effective April 1, 2016, and resigned from her role as a Quorum director on April 29, 2016, immediately after voting to approve the Spin-Off Dividend.

## STATEMENTS OF FACTS

**A.     The Formation of Quorum**

12. On July 27, 2015, CHS had Quorum incorporated as a wholly-owned subsidiary of CHS. CHS appointed CHS officers to act as the officers and directors of Quorum in preparation for an eventual spin-off transaction, and those individuals continued to be CHS officers at all relevant times and did not independently act in Quorum's interests. On information and belief, they acted solely for the benefit of CHS.

13. On April 29, 2016, CHS and Quorum entered into the Separation Agreement. The Separation Agreement was determined and drafted by and under the exclusive control of CHS, without any arm's-length negotiations with independent Quorum representatives.

14. On April 29, 2016, pursuant to the Separation Agreement, Quorum became an independent, publicly-traded company as a result of a (i) spin-off of 38 hospitals, their affiliated facilities and an affiliated advisory and consulting services firm from CHS to Quorum and (ii) the distribution of 100 percent of the common stock of Quorum to CHS stockholders (the "Spin-Off").

15. Purportedly as a Quorum director, but for the sole and exclusive benefit of CHS, Cash voted to approve the Spin-Off and the Spin-Off Dividend. Purportedly, as a Quorum director,

but for the sole and exclusive benefit of CHS, Seifert voted to approve the Spin-Off and the Spin-Off Dividend (defined below).

16. On April 7, 2020, Quorum and 134 of its affiliates (collectively, the "Debtors") filed petitions in the United States Bankruptcy Court for the District of Delaware, seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

17. On June 30, 2020, the Court entered its Findings of Fact, Conclusion of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Dkt. No. 566] (the "Confirmation Order"). The Confirmation Order confirmed the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Dkt. No. 566-1] (the "Plan").

18. Article IV.B of the Plan requires the creation of a litigation trust (the "QHC Litigation Trust") and the execution of the Litigation Trust Agreement dated as of July 7, 2020 by and among Quorum and each of its debtor affiliates, KKR Credit Advisors (US) LLC as a beneficiary, Davidson Kempner Capital Management LP as a beneficiary, GoldenTree Asset Management LP as a beneficiary, York Capital Management Global Advisors, LLC as a beneficiary, Oak Hill Advisors, L.P. as a beneficiary, Argo Group US, Inc., as a beneficiary, Daniel H. Golden solely in his in his representative capacity as trustee of the QHC Litigation Trust and Harlan Cherniak, Suzanne Gibbons and Daniel Flores as members of the board of directors governing the QHC Litigation Trust (the "Litigation Trust Agreement").

19. Pursuant to the Plan, the Debtors assigned certain claims and causes of action to the QHC Litigation Trust for its investigation and prosecution. Plan Art. IV.C.3.

20. Article XI of the Plan provides that the Court retains jurisdiction over matters arising out of or related to the Debtors' chapter 11 cases. These provisions were specifically

approved by the Confirmation Order. *See* Confirmation Order ¶ 99. Similarly, Section 2.1(i) of the Litigation Trust Agreement provides that the Court shall retain jurisdiction over matters arising from or related to the QHC Litigation Trust.

**B.     The Claims Against the CHS Defendants**

21.     On October 25, 2021, Daniel H. Golden, as the litigation trustee of the QHC Litigation Trust (the "Trustee"), commenced this Adversary Proceeding and filed his Complaint, asserting claims against a number of defendants, including CHS, Cash and Seifert (the defendants who have made the Indemnification Request).

22.     As more fully set forth in the Trustee's Complaint, the Trustee alleges that the defendants concocted a fraudulent scheme to cause Quorum to raise $1.21 billion in debt, which Quorum would then pay to CHS as a tax-free dividend (the "Spin-Off Dividend") so that CHS could pay down over one billion dollars of its own debt that was coming due. Once the Spin-Off Dividend was paid, CHS would distribute Quorum's stock to CHS's shareholders, so that Quorum would be a publicly traded company that was no longer owned by CHS, leaving CHS with no obligations for the nearly insurmountable debt it foisted upon Quorum.

23.     The Trustee's Complaint alleges, among others, claims for fraudulent transfer under Sections 544 and 548 of the Bankruptcy Code and Tennessee law as to (i) the dividend and transaction fees paid by Quorum to CHS, (ii) releases granted by Quorum to CHS officers (including Cash and Seifert) and (iii) Quorum's indemnification obligations to CHS and CHS officers (including Cash and Seifert).

24.     On December 15, 2021, counsel for CHS, Cash, and Seifert sent the Indemnification Request to Quorum, purportedly pursuant to Section 4.02 of the Separation Agreement. Counsel asserted that Quorum was required to make "advancement of the CHS

Defendants fees and expenses incurred in defending" against the claims in this Adversary Proceeding and indemnification for "all Losses" incurred in connection with this Adversary Proceeding, including indemnification for the payments that CHS must make pursuant to its own indemnification obligations to defendants Credit Suisse and Feinstein. Counsel also asserted that Cash and Seifert are entitled to indemnification under Quorum's By-Laws and Certificate of Incorporation.

25. Quorum disputes that the three defendants are entitled to any indemnification in connection with this Adversary Proceeding. Accordingly, on February 4, 2022, Quorum advised counsel for CHS, Cash and Seifert that Quorum rejects the Indemnification Request in its entirety.

C.  **Quorum's Indemnification Obligations**

26. Section 4.02 of the Separation Agreement provided that Quorum had certain indemnification obligations. That section states:

> Except as otherwise specifically set forth in any provision of this Agreement or of any Ancillary Agreement, QHC and each of the QHC Subsidiaries shall, to the fullest extent permitted by Law, indemnify, defend and hold harmless each of the CHS Indemnitees from and against all QHC Indemnity Obligations, including, to the fullest extent permitted by Law, the advancement and reimbursement of expenses, including attorneys' fees and costs, incurred with respect to a QHC Indemnity Obligation; provided, however, that the indemnity in this Section 4.02 for QHC Liabilities shall not extend to a past, present or future director, officer, employee or agent of QHC or a QHC Subsidiary to the extent such Person would not be eligible for indemnification under the terms of (i) CHS' certificate of incorporation or bylaws in connection with the matter for which indemnification is sought due to action or inaction by such Person in connection with such matter; or (ii) the directors' and officers' insurance policy of CHS would not cover such Person in connection with the matter for which indemnification is sought due to action or inaction by such Person in connection with such matter. Notwithstanding the foregoing, the indemnification provided for in this Section 4.02 shall exclude, and QHC shall have no responsibility for, Liability arising out of or relating to acts, practices or omissions engaged in after the Distribution Date by CHS or any of its respective Subsidiaries or Affiliates.

27. As defined in the Separation Agreement, and as is pertinent to Section 4.02, the term "CHS Indemnitees" means "(i) CHS and each CHS Subsidiary; (ii) each of the respective past, present and future directors, officers, employees or agents of the entities described in (i) above, in each case in their respective capacities as such; and (iii) each of the heirs, executors, administrators, successors and assigns of any of the foregoing."

28. The Separation Agreement defines "QHC Indemnity Obligations" as "all Losses incurred by a CHS Indemnitee to the extent such Losses relate to, arise out of or result from, directly or indirectly, any of the following items: (i) any QHC Liability; (ii) any failure of QHC or a QHC Subsidiary or any other Person to pay, perform or otherwise promptly discharge any QHC Liabilities in accordance with their terms, whether prior to, at or after the Effective Time; (iii) any Third Party Claim relating to the conduct of any business, operation or activity by QHC or a QHC Subsidiary from and after the Effective Time; (iv) any Proceeding in respect of the CHS CIA to the extent such Proceeding relates to, arises out of or results from any business operation or activity of QHC occurring from and after the Effective Time; and (v) any breach by QHC or a QHC Subsidiary of this Agreement or any Ancillary Agreement."

29. The Separation Agreement defines the term "QHC Liabilities" as liabilities incurred by either CHS or QHC that are included or reflected on the QHC pro forma balance sheet.

30. Article VII of Quorum's Certificate of Incorporation states, in relevant part, that:

> Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action. suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she . . . is or was a director or officer of the Corporation . . . (hereinafter, an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director or officer or in any other capacity while serving as a director or officer, shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the DGCL . . . , against all expense, liability and loss (including, without limitation, attorneys' fees, judgments, fines, excise taxes or penalties and amounts paid or to be paid in settlement) incurred or suffered by

8


> such indemnitee in connection therewith and such indemnification shall continue with respect to an indemnitee who has ceased to be a director or officer. . . . ; provided, however, that except as provided in paragraph (B) of this Article [VII] with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding initiated by such indemnitee only if such proceeding was authorized by the Board of Directors of the Corporation.  The right to indemnification . . . shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that. if the General Corporation Law of Delaware requires, an advancement or expenses incurred by an indemnitee shall be made only upon delivery to the Corporation of an undertaking (hereinafter, an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication) that such indemnitee is not entitled to be indemnified for such expenses under this Article or otherwise.

31.     Section 7.10 of Quorum's By-Laws provides slightly more limited advancement and indemnification rights:

> Each person (hereinafter an "indemnitee") who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she was a director, officer or agent of the corporation . . . whether the basis of such proceeding is alleged action in an official capacity as a director, officer, employee or agent, shall be indemnified and held harmless by the corporation to the fullest extent authorized by the Delaware General Corporation Law, . . . against all expense, liability and loss (including attorney's fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith, and such indemnification shall continue with respect to an indemnitee who has ceased to be a director, officer, employee or agent . . . ; provided, however, that, except as provided in paragraph (B) hereof with respect to proceedings to enforce rights to indemnification, the corporation shall indemnify any such indemnitee only if such proceeding (or part thereof) was authorized by the board of directors of the corporation. The right to indemnification conferred in this section shall be a contract right and shall include the right to be paid by the _corporation the expenses incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indernnitee shall be made only upon delivery to the corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final

9

adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this section or otherwise.

32. Neither the Separation Agreement nor Quorum's governing instruments provide a basis for the Indemnification Request. There are no CHS Liabilities that give rise to an obligation to provide indemnification because the CHS Defendants' alleged misconduct occurred before the Spin-Off and do not entail any actions by Cash or Seifert in their capacities as Quorum fiduciaries and otherwise acting on behalf of Quorum (as opposed to CHS). The CHS Defendants' actions were determined and dictated by CHS, without any independent input by Quorum, and were for CHS's exclusive benefit. Therefore, there is no valid basis under the Separation Agreement, the By-Law or the Certificate of Incorporation for advancement and indemnification.

## COUNT I

33. Quorum repeats and re-alleges each of the allegation set forth in paragraphs 1 through 32 hereof, as if fully set forth herein.

34. An actual controversy exists as to whether Quorum is obligated to advance Defendants' attorneys' fees and costs incurred in connection with this Adversary Proceeding and to indemnify Defendants for "all Losses" incurred in connection with this Adversary Proceeding (including their damages and the payment of CHS's indemnification obligations to Credit Suisse and Feinstein).

35. The conflicting interests among the parties are real, adverse and ripe for judicial determination.

36. The Indemnification Request made by the CHS Defendants is invalid because there is no basis for advancement or indemnification. Under the Separation Agreement, Certificate of Incorporation or By-Laws, Quorum is not obligated to advance to and/or indemnify the CHS Defendants in connection with this Adversary Proceeding. The Trustee's Complaint does not

allege any breach of contract under the Separation Agreement or Transitions Services Agreement or any claims arising out of the conduct of Quorum's business, the QHC Financing Transactions or Quorum's or its fiduciaries' conduct or obligations. The Trustee's Complaint relates solely to the CHS Defendants' actions under the control of CHS and for the exclusive benefit of CHS.

37. Quorum is entitled to a declaratory judgment that Quorum has no obligation to the CHS Defendants to advance the "fees and expenses incurred in defending" against the claims in this Adversary Proceeding and/or indemnify for "all Losses" incurred in connection with this Adversary Proceeding, including damages and indemnification for the payments that CHS must make pursuant to its own indemnification obligations to Credit Suisse and Feinstein.

## **PRAYER FOR RELIEF**

WHEREFORE, intervenor Quorum Health Corporation respectfully requests that the Court grant judgment:

(i) Declaring that Quorum has no obligation under the Separation Agreement, Certificate of Incorporation, or By-Laws to advance and/or indemnify CHS, Cash, or Seifert for the fees, expenses or other "Losses" that those three defendants have incurred or will incur in connection with this Adversary Proceeding;

(ii) Declaring that, to the extent that the Separation Agreement, Certificate of Incorporation, and/or By-Laws may give rise to an obligation for Quorum to advance and/or indemnify CHS, Cash or Seifert in connection with the Adversary Proceeding, such obligation is invalid and unenforceable;

(iii)   Awarding Quorum's its costs and expenses (including reasonable attorney's fees) incurred herein; and

(iv)   Granting such other relief as the Court may deem is necessary and just.

Dated: February __, 2022
Wilmington, Delaware

David R. Hurst (I.D. No. 3743)
**MCDERMOTT WILL & EMERY LLP**
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile:  (302) 351-8711
Email:     dhurst@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
Megan Preusker (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street
Chicago, Illinois 60606-0029
Telephone: (312) 372-2000
Facsimile:  (312) 984-7700
Email:     fperlman@mwe.com
           bgiordano@mwe.com
           mpreusker@mwe.com

*Attorneys for Intervenor Quorum Health Corporation*