**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                           :
                                                                 : Case No. 20-10766 (BLS)
QUORUM HEALTH CORPORATION, *et al.*,                             :
                                                                 : Chapter 11
                              Debtor.                            :
                                                                 :
---------------------------------------------------------------- x
                                                                 :
DANIEL H. GOLDEN, AS LITIGATION TRUSTEE                          :
OF THE QHC LITIGATION TRUST, AND                                 :
WILMINGTON SAVINGS FUND SOCIETY, FSB,                            : Adv. Pro. No. 21-51190 (BLS)
SOLELY IN ITS CAPACITY AS INDENTURE                              :
TRUSTEE,                                                         :
                                                                 : **Related to Adv. Dkt. 43, 47, and 68**
                              Plaintiffs,                        :
                                                                 :
              v.                                                 :
                                                                 :
COMMUNITY HEALTH SYSTEMS, INC.;                                  :
CHS/COMMUNITY HEALTH SYSTEMS, INC.;                              :
REVENUE CYCLE SERVICE CENTER, LLC;                               :
CHSPSC, LLC; PROFESSIONAL ACCOUNT                                :
SERVICES, INC.; PHYSICIAN PRACTICE                               :
SUPPORT, LLC; ELIGIBILITY SCREENING                              :
SERVICES, LLC; W. LARRY CASH; RACHEL                             :
SEIFERT; ADAM FEINSTEIN; AND CREDIT                              :
SUISSE SECURITIES (USA) LLC,                                     :
                                                                 :
                              Defendants.                        :
---------------------------------------------------------------- x

**PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMITATION
RE: BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs Daniel H. Golden., as Litigation Trustee of the QHC Litigation Trust (the "Trust"), and Wilmington Savings Fund Society, FSB ("WSFS" or the "Indenture Trustee"), solely in its capacity as the Indenture Trustee under that certain indenture (the "Indenture"), dated as of April 22, 2016 for the unsecured 11.625% Senior Notes due April 2023 (the "Senior Notes"), hereby move (the "Motion to Exceed") this Court for entry of an order authorizing Plaintiffs, pursuant to Rule 7007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), to exceed the thirty (30) page limit of Local Rule 7007-2 for their memorandum of law (the "Brief") in opposition to *Defendants Community Health Systems, Inc., CHS/Community Health Systems, Inc., Revenue Cycle Service Center, LLC, CHSPSC LLC, Professional Account Services, Inc., Physician Practice Support, LLC, Eligible Screening Services, Inc., Physician Practice Support, LLC, Eligibility Screening Services, LLC, W. Larry Cash, Rachel Siefert, and Adam Feinstein's Motion to Dismiss* (D.I. 43) and *Credit Suisse Securities (USA) LLC's Motion to Dismiss the Complaint for Failure to State a Claim* (D.I. 47) (together, the "Defendants' Motions to Dismiss"). In support of the relief requested in this Motion to Exceed, Plaintiffs respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

2.       By this Motion to Exceed, Plaintiffs request authority to exceed the 30-page limit for their Brief in opposition to the Defendants' Motions to Dismiss pursuant to Del. Bankr. LR 7007-2(a)(iv).

**BASIS FOR RELIEF REQUESTED**

3.       Local Rule 7007-2(a)(iv) provides that "[w]ithout leave of Court, no opening or answering brief shall exceed thirty (30) pages and no reply shall exceed fifteen (15) pages, in each instance, exclusive of any tables of contents and citations." Del. Bankr. LR 7007-2(a)(iv). Plaintiffs request that the Court grant leave to exceed the 30-page limit for the Brief. The Brief is filed in opposition to the Defendants' Motions to Dismiss and responds to the *Memorandum in Support of Defendants Community Health Systems, Inc., CHS/Community Health Systems, Inc., Revenue Cycle Service Center, LLC, CHSPSC LLC, Professional Account Services, Inc., Physician Practice Support, LLC, Eligible Screening Services, Inc., Physician Practice Support, LLC, Eligibility Screening Services, LLC, W. Larry Cash, Rachel Siefert, and Adam Feinstein's Motion to Dismiss* (D.I. 44) (the "CHS Defendants' Brief") and *Memorandum of Law in Support Credit Suisse Securities (USA) LLC's Motion to Dismiss* (D.I. 48) (the "CS Brief" and, together with the CHS Defendants' Brief, the "Defendants' Briefs") concurrently filed with Defendants' Motions to Dismiss.

4.       Plaintiffs request leave from the otherwise applicable page limitations due to the need to respond to the arguments raised in Defendants' two separate briefs, the length of Defendants' Briefs, and the numerous issues raised in Defendants' Briefs. Specifically, the CHS Defendants' Brief is 30 pages, seeks to dismiss thirteen causes of action in whole or in part, and raises arguments based on more than a dozen separate legal theories. The CS Brief is also 30

3

<s>

pages, seeks to dismiss eight additional causes of action not addressed in the CHS Defendants' Brief, and raises more than ten separate legal theories. Together, the Defendants' Briefs cite to nearly 100 cases, many of which are inapposite, distinguishable, or out-of-Circuit cases contrary to Third Circuit precedent, and must be addressed by Plaintiffs. A waiver of the page limits will allow Plaintiffs to fairly and fully respond to the arguments laid out over the course of sixty pages in the Defendants' Briefs and to provide ample justification for the denial of Defendants' Motions to Dismiss.

WHEREFORE, for all the reasons set forth in the above-referenced submissions, Plaintiffs respectfully request that this Court enter an order authorizing it to exceed the thirty (30) page limit under Local Rule 7007-2 with respect to the Brief in opposition to Defendants' Motions to Dismiss, and granting such other and further relief as the Court may deem just and proper.

DATED:    April 1, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones
Timothy P. Cairns
919 North Market Street 17th Fl.
Wilmington, DE 19801
Telephone: (302) 778-6401
ljones@pszlaw.com
tcairns@pszlaw.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew J. Rossman
Deborah J. Newman
Jordan Harap
Ari Roytenberg

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
andrewrossman@quinnemanuel.com
deborahnewman@quinnemanuel.com
jordanharap@quinnemanuel.com
ariroytenberg@quinnemanuel.com

*Counsel for Daniel H. Golden, as Litigation Trustee for the QHC Litigation Trust and Wilmington Savings Fund Society, FSB, solely in its capacity as Indenture Trustee*