**Motion to approve an unsecured creditor with an allowed proof of claim that has been unsatisfied to investigate and pursue avoidance actions and preference actions in regards to fraudulent transfers made by the corporate debtor quorum health Corporation and its debtor subsidiaries.**

**Preliminary statement: quorum health Corporation is a corporate debtor that filed for Chapter 11 reorganization on April 7, 2020. The restructuring plan was a prepackaged bankruptcy Chapter 11 plan. They plan was subsequently confirmed on June 30, 2020 and the emergence day occurred on July 7, 2020. Dr. Varma filed a proof of claim electronically on June 22, 2028 days prior to the confirmation date. Dr. Varma has an allowed proof of claim as an unsecured creditor in the amount of $100 million. This amount equates to the minimum liquidated amount of liability that is allowed for prepetition acts/causes of action committed by the corporate debtor and its subsidiaries prior to April 7, 2020. Currently the plan has an appropriate 3rd party releases and has the usual exculpation clauses (which will be litigated in contested for disgorgement of all fees). Dr. Varma was placed as an unsecured creditor in class VI which is deemed as "unimpaired" since ballot voting began in May 2020 before the confirmation date for this prepackaged plan. To this date, the entire amount which is allowed and liquidated at a minimum amount against the corporate debtors and subsidiaries has been unsatisfied. This is highly inappropriate given the fact that Dr. Varma was deemed as unimpaired and yet has not had occurrence of satisfaction of the affirmation debt as well as has given releases not consensually to 3rd parties and the corporate debtor without distribution of the afforementioneed debt. The corporate debtor and the senior noteholders have made inappropriate and meaningless proposals using third-party surrogates electronically via email to me for settlement. Meanwhile, a parallel adversarial proceeding under 21 – 51190 has been occurring with approximately 73 to 74 docket numbers that have transpired to date with absolutely no notice given to me of the proceedings in this avoidance case or adversarial proceeding case. There has been no notice either electronically or via physical mail via the United States Postal Service or a courier service. This is also highly inappropriate as there should have been assignment of my name as a party of interest given the fact that I have a such a high unsatisfied allowed unsecured proof of claim and yet the corporate debtors or DIP or litigation trustee really had a responsibility to notify me of these proceedings. I discovered these proceedings on Friday, April 8, 2022. I had sent an email inquiring whether there has been a formal bankruptcy trustee appointed or elected in accordance with 546 (a). Apparently it does not look like they have filed the bankruptcy code in appointing a trustee in accordance with 540 6A. In fact Mr. Daniel Golden who is a litigation trustee appointed was to investigate and prosecute or supervise prosecution of avoidance claims with the proceeds to exclusively in your to the senior noteholders as their favorite creditors. The proceeds in the bankruptcy plan and asked per the debtor's counsel Mr. David hurst have openly admitted that the proceeds of the avoidance are to only inure to the senior noteholders and not to the estate as a whole which would include all unsecured creditors including class VI. As such, the avoidance process as it stands now is in contravention with the Federal bankruptcy code as the proceeds are to benefit the estate as a whole including all unsecured creditors collectively. Therefore, the endeavors of this avoidance process to date is tantamount to a trustee unjustifiably or refusing to prosecute claims that would benefit group of class VI unsecured creditors. Furthermore, if the senior noteholders have placed a lien on the avoidance proceeds that would be highly disfavored and probably in contravention with the bankruptcy code. Avoidance proceeds are not a guarantee they are a high risk yield based on litigation outcome. In**

addition the corporate debtor and the senior noteholders have colluded such that there has been self-dealing on the part of the senior noteholders and the corporate debtors with the senior noteholders being the financial sponsors or purchasers. In their SEC filing in June 2020, there is an admission overtly of mutual drafting and payment of litigation fees of the senior noteholders. This is clearly not arm's-length negotiation and unequivocally places the senior noteholders as nonstatutory insiders. That is very important because even their votes in the restructuring plan should not count being nonstatutory insiders and at minimum USC 510 will be invoked such that any claims that they may have will be subordinated to class VI unsecured creditors due to their inequitable conduct. In addition, I am investigating and finalizing a motion for possible recharacterization of the debt as equity. Furthermore, another remedy that is upcoming will be substantive consolidation so that avoidance under 549 postpetition can be performed since the subsidiary cases or subsidiary debtors of quorum health Corporation were prematurely closed in October 2020. Hence, the avoidance actions being asserted as of now are 11 U.S.C. 540 through turnover, 544, 546, 547, 548, 549, and 550. There is a two-year statute of limitations for filing these avoidance actions namely 548. 11 U.S.C. 546 a delineates the statute of limitations as pragmatically 2 years after the petition date to file an avoidance. In avoidance has been filed by the litigation trustee in a timely fashion but that litigation trustee and the efforts to recover proceeds are to only inure to the senior noteholders which is in contravention with the Federal bankruptcy code as I stated before. The two-year statute of limitations is not a jurisdictional one and hence 546(a) is subject to modification waiving or equitable tolling and is subject to FRBP 9006. 9006F delineates that if notice was served by mail that 3 extra days are given or allowed as a deadline extension of the statute of limitations. However, in my case I was not served at all and hence any assertion of avoidance prosecution would be timely at this point of time. Hypothetically, if we were to implement the three-day mailbox rule which is applicable to the two-year statute of limitations postpetition then Monday, April 11, 2022 at 11:59 PM Eastern standard Time would be the deadline. However as I mentioned before I have not been formally served either electronically or by physical mail in any of the proceedings encompassed in AP 21 – 51190. Additionally, there is a discharge injunction in place for the closed subsidiary debtors and an automatic stay in place with the corporate parent. Either way I will most likely modify the discharge injunction to allow prosecution of claims as well as lifting of the automatic stay to prosecute claims in reference to the corporate parent. Further research needs to be done and further investigation and discovery as well as information sharing which may not occur with the litigation trustee. In addition, the litigation trustee did not list Thomas de Miller 864, Martin de Wayne Smith, or Matthew Hayes as defendants or insider defendants because in fact they are insider defendants and I have evidence from a committee health system executive who I interviewed and have collected evidence from him that Mr. Miller, Mr. Smith, and Mr. Hayes substantively help orchestrate this fraudulent transfer during the spinoff of April 29, 2016. Hence, the litigation trustee intentionally omitted their names because of their favorite insiders and their intent to protect them. However this creditor will pursue avoidance and 548 and insider avoidance against these 3 executives from the past that the litigation trustee essentially abandoned. Further amendment of this complete and comprehensive motion will occur using rule 15 a 1. This motion is to demarcate that Dr. Verma as an unsecured creditor is asserting his right at this point of time 2 years after the petition date under 540 4B and 548 and postpetition 549 investigate and prosecute avoidance claims or causes of action. Thank you