## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>QUORUM HEALTH CORPORATION, *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10766 (BLS) |
| DANIEL H. GOLDEN, AS LITIGATION TRUSTEE OF THE QHC LITIGATION TRUST, AND WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC.; CHS/COMMUNITY HEALTH SYSTEMS, INC.; REVENUE CYCLE SERVICE CENTER, LLC; CHSPSC, LLC; PROFESSIONAL ACCOUNT SERVICES, INC.; PHYSICIAN PRACTICE SUPPORT, LLC; ELIGIBILITY SCREENING SERVICES, LLC; W. LARRY CASH; RACHEL SEIFERT; ADAM FEINSTEIN; AND CREDIT SUISSE SECURITIES (USA) LLC,<br><br>Defendants. | Adv. Pro. No. 21-51190 (BLS) |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS COMMUNITY HEALTH SYSTEMS, INC., W. LARRY CASH, AND RACHEL SEIFERT'S MOTION TO STAY LITIGATION PENDING ARBITRATION

YOUNG CONAWAY STARGATT
   & TAYLOR LLP

Michael S. Neiburg (DE No. 5275)
Christopher M. Lambe (DE No. 6846)
Rodney Square
1000 North King St.
Wilmington, DE 19801
Tel.: (302) 571-6600
Fax: (302) 571-1253
mneiburg@ycst.com
clambe@ycst.com

*Counsel for Defendants Community Health
Systems, Inc., W. Larry Cash, and Rachel
Seifert*


KRAMER LEVIN ROBBINS RUSSELL

Gary A. Orseck (admitted *pro hac vice*)
Alison C. Barnes (admitted *pro hac vice*)
William J. Trunk (admitted *pro hac vice*)
Jack A. Herman (admitted *pro hac vice*)
Lauren C. Andrews (admitted *pro hac vice*)
Jason A. Shaffer (admitted *pro hac vice*)
2000 K Street, N.W., 4th Floor
Washington, D.C. 20006
Tel: (202) 775-4500
Fax: (202) 775-4510
gorseck@kramerlevin.com

*Counsel for Defendants Community Health
Systems, Inc., W. Larry Cash, and Rachel Seifert*


May 9, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ...................................................................................................................... 1

      I.     THE INDEMNIFICATION DISPUTE IS SUBJECT TO ARBITRATION ......... 1

      II.    THE COURT LACKS DISCRETION TO DENY THE MOTION FOR A
            STAY ................................................................................................................ 4

CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**                                                                      **Pages(s)**

*In re Anderson*,
    884 F.3d 382 (2d Cir. 2000) ..................................................................................6

*Contec Corp. v. Remote Sol., Co.*,
    398 F.3d 205 (2d Cir. 2005) ..................................................................................2

*In re Craig's Stores of Tex., Inc.*,
    247 B.R. 652 (S.D. Tex. 2000), *aff'd*, 266 F.3d 388 (5th Cir. 2001) .......................5

*Dish Network LLC v. Ray*,
    900 F.3d 1240 (10th Cir. 2018) .............................................................................2

*Dreibelbis v. Scholton*,
    274 F. App'x 183 (3d Cir. 2008) ...........................................................................2

*In re EPD Inv. Co., LLC*,
    821 F.3d 1146 (9th Cir. 2016) ...............................................................................6

*In re F & T Contractors, Inc.*,
    649 F.2d 1229 (6th Cir. 1981) ...............................................................................6

*Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    885 F.2d 1149 (3d Cir. 1989) ........................................................................5, 6, 8

*In re Homaidan*,
    587 B.R. 428 (Bankr. E.D.N.Y. 2018) ..................................................................6

*In re Mintze*,
    434 F.3d 222 (3d Cir. 2006) ......................................................................4, 5, 6, 7

*Moses v. CashCall, Inc.*,
    781 F.3d 63 (4th Cir. 2015) (per curiam) ..............................................................6

*Priority Healthcare Corp. v. Aetna Specialty Pharmacy, LLC*,
    590 F. Supp. 2d 663 (D. Del. 2008) ......................................................................3

*Richardson v. Coverall N. Am., Inc.*,
    811 F. App'x 100 (3d Cir. 2020) ...........................................................................2

*Shearson/American Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) .......................................................................................4, 5, 6

*In re White Mountain Mining Co.*,
    403 F.3d 164 (4th Cir. 2005) .................................................................................6

**TABLE OF AUTHORITIES—Continued**

**Page(s)**

**Statutes, Rules & Codes**

9 U.S.C. § 3.................................................................................................................4, 8

AAA Commercial Arbitration Rule 7...........................................................................2

**Other Authorities**

10B Wright & Miller § 2758 (4th ed.)...........................................................................3

For reasons known only to itself, Quorum desperately wants this Court to resolve the purely state-law question whether Quorum is obligated to indemnify Defendants under its corporate governance documents and other contracts.[1]  Quorum has already (improperly) tried to hitch its wagon to the Litigation Trustee, in the hope that it can "write [its] own jurisdictional ticket" to bankruptcy court.  *See* Adv. Dkt. 60 (Defs' Opp. to Intervention) at 7 n.7.[2]  Now Quorum attempts the same maneuver to avoid arbitration, arguing that this dispute is so "integrally intertwined" with the adversary proceeding that the Court should simply ignore the parties' express arbitration agreement.  That argument flies in the face of binding Third Circuit precedent, the requirements of the Federal Arbitration Act, and the plain language of the arbitration provision.  Because the instant dispute is subject to mandatory arbitration, these proceedings should—indeed, must—be stayed.

## ARGUMENT

Quorum is wrong on both its essential points.  First, the arbitrability of this dispute is a threshold question that must be resolved by an arbitrator, not this Court.  (And the dispute plainly *is* arbitrable.)  Second, this Court lacks discretion to deny a stay pending arbitration.

## I.      THE INDEMNIFICATION DISPUTE IS SUBJECT TO ARBITRATION

Strangely enough, Quorum insists that this dispute—which turns on whether Quorum must pay money to Defendants pursuant to an indemnification provision—does not entail "monetary relief" and is therefore not subject to the arbitration provision in the Spin-Off Agreement.  Setting

---

[1] As used in this memorandum, "Defendants" refers to Community Health Systems, Inc. ("CHSI"), W. Larry Cash, and Rachel Seifert (the only Defendants named in Quorum's proposed complaint).  "Quorum" refers to Quorum Health Corporation.

[2] For the reasons previously explained, the Court should deny Quorum's motion to intervene for want of jurisdiction.  But if the Court concludes it does have jurisdiction over the motion, then it should grant Defendants' motion for a stay.  *See generally* Defs' Opp. to Intervention.

1

aside its absurdity for a moment, that argument misses the point.  Quorum ignores that the Spin-Off Agreement mandates that *arbitrators*, not this Court or any other, must resolve such threshold questions of arbitrability.  *See, e.g.*, *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 209 (2d Cir. 2005) (declining to reach estoppel question because "the circumstances indicate that arbitration of the issue of arbitrability is appropriate").

As Defendants explained in their opening brief (Defs' Opp. to Intervention at 14-15), arbitrability must be determined by the arbitrator where "the parties clearly and unmistakably" delegate such questions to the arbitrator.  *Dish Network LLC v. Ray*, 900 F.3d 1240, 1245 (10th Cir. 2018) (quotation marks omitted).  Here, Quorum and CHSI provided for such delegation by incorporating the AAA Commercial Arbitration Rules into the Spin-Off Agreement.  *See* Adv. Dkt. 62, Ex. 1 (Spin-Off Agreement), § 8.02(a) (providing for arbitration "pursuant to the then current . . . Commercial Arbitration Rules of the American Arbitration Association"); AAA Commercial Arbitration Rule 7(a) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to . . . the arbitrability of any claim or counterclaim."); *see also Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020).  Quorum offers no rebuttal to any of this, and that should end the matter.[3]

But even if this Court could properly decide the question of arbitrability, Quorum is plainly wrong.  Quorum contends that "the only question" that matters is "whether there is anything in Quorum's proposed complaint that seeks monetary relief."  Adv. Dkt. 79 (Quorum Opp.) ¶ 26.  But that is *not* the determinative question under the Spin-Off Agreement.  Sections 8.01 and 8.02(a) together require arbitration of "any dispute, controversy or claim arising out of or relating to this

---

[3] By failing to respond to Defendants' argument, Quorum has waived the issue.  *See, e.g.*, *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008).

Agreement," "unless *the [d]ispute involves* primarily non-monetary relief."  Adv. Dkt. 62, Ex. 1, §§ 8.01, 8.02(a) (emphasis added).  Arbitrability thus turns on the underlying nature of the *dispute*, not on whether the breaching party has raced to the courthouse seeking a declaratory judgment.

CHSI and Quorum could have drafted an arbitration agreement that exempted disputes where "*the claim* seek[s] a monetary judgment."  *See* Quorum Opp. ¶ 25 (emphasis added).  But that is not what the Spin-Off Agreement states—and, as Quorum acknowledges, "that unambiguous provision must be enforced as written."  *See id.*[4]  Instead, the arbitration provision is concerned with what the "dispute" actually "involves," not with how the would-be plaintiff chooses to phrase his prayer for relief.  *See* Adv. Dkt. 62, Ex. 1, § 8.02(a).  And this dispute is as "monetary" as they come:  The case turns on whether Quorum is obligated to advance fees and otherwise indemnify Defendants in connection with the claims asserted by the Litigation Trustee. Defendants seek money from Quorum; Quorum seeks a declaratory judgment that it does not owe Defendants money.  Enough said.  *See*, *e.g.*, 10B Wright & Miller § 2758 (4th ed.) ("an action for a declaratory judgment may not be used to bypass arbitration provided for by a contract").[5]

---

[4] Quorum also ignores that even if this dispute were non-monetary, then the Spin-Off Agreement requires the matter to be litigated in *Tennessee* state or federal court.  *See* Adv. Dkt. 62, Ex. 1, § 8.02(e).

[5] Quorum argues that "there is no attempt to evade" the arbitration provision "because that provision does not apply to this dispute."  Quorum Opp. ¶ 24.  That is dizzyingly circular reasoning.  The only basis for Quorum's argument that the provision does not apply is Quorum's own declaratory judgment action, which it hastened to file one business day after summarily denying CHSI's request for indemnification and advancement.  *See* Defs' Opp. to Intervention at 6; *see also Priority Healthcare Corp. v. Aetna Specialty Pharmacy, LLC*, 590 F. Supp. 2d 663, 667 (D. Del. 2008) (dismissing declaratory judgment action where plaintiff sought "to circumvent the dispute resolution procedures provided for in" the parties' contract).

## II.    THE COURT LACKS DISCRETION TO DENY THE MOTION FOR A STAY

Because the Spin-Off Agreement requires arbitration of at least the threshold question of arbitrability, if not the entire dispute, this Court must enforce the agreement by granting Defendants' motion for a stay pending arbitration.

The Federal Arbitration Act ("FAA") is clear:  Where an issue before a court (including arbitrability) is subject to an arbitration agreement, the court "***shall on application of one of the parties*** stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added).  Binding Third Circuit precedent is equally clear:  Bankruptcy courts do not have discretion to deny a stay "*unless* the party opposing arbitration can establish congressional intent, under the *McMahon* standard, to preclude waiver of judicial remedies for the statutory rights at issue." *In re Mintze*, 434 F.3d 222, 231 (3d Cir. 2006).

Having chosen to bypass the requirements of the Spin-Off Agreement and file in this Court, Quorum has likewise chosen to be bound by Third Circuit precedent regarding the enforcement of arbitration provisions in bankruptcy courts.  And *Mintze* is fatal to Quorum.  There, the debtor brought claims in bankruptcy court under the Truth In Lending Act and other federal and state consumer protection laws, and the defendant sought to compel arbitration of the debtor's claims. *Id.* at 226-27.  Based on the standard set forth in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987), the Third Circuit concluded that the debtor had not "establish[ed] congressional intent to create an exception to the FAA's mandate." *Mintze*, 434 F.3d at 229-32. Because the debtor "failed to raise any statutory claims that were created by the Bankruptcy Code," there was no "inherent conflict between arbitration of [the debtor's claims] and the underlying purposes of the Bankruptcy Code," and the bankruptcy court therefore lacked discretion to deny enforcement of the parties' arbitration clause. *Id.* at 231-32.

4

Here too, the former debtor (Quorum)[6] brings a declaratory judgment action that is not a "statutory claim[] . . . created by the Bankruptcy Code" and does not raise any "bankruptcy issue to be decided by the Bankruptcy Court." *See id.* Nor has Quorum identified any "sufficiently adverse effect on the underlying purposes of the Bankruptcy Code" if this Court were to enforce the arbitration provision. *See id.* at 232. Quorum's proposed complaint would require the Court to do nothing more than interpret the Spin-Off Agreement and Quorum's corporate governance documents to determine whether Quorum is obliged to indemnify Defendants. *See* Adv. Dkt. 54, Ex. 1 (Quorum's proposed complaint). The FAA mandates that an arbitral panel, not a bankruptcy court, undertake that task.

Unable to meet the *McMahon* standard, Quorum cobbles together its own standard based on "whether the claim at issue derives from or is intertwined with claims and rights that emanate from the Bankruptcy Code." Quorum Opp. ¶ 32. But Quorum's made-up "intertwined" standard has never been endorsed by any court anywhere. That Quorum's proposed action might have some indirect relationship to the Litigation Trustee's claims is utterly beside the point. It is the Litigation Trustee, not Quorum, who is pursuing those claims. And even if the creditors in the Trustee's adversary proceeding "might be indirectly affected by the arbitration decision,"[7] that does not vest this Court with authority to deny a stay. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1159 (3d Cir. 1989). Quorum fails to cite any case holding that an arbitration

---

[6] Unlike the debtor in *Mintze*, Quorum emerged from bankruptcy as a reorganized company nearly two years ago. That places its claim even further out of this Court's reach. *See In re Craig's Stores of Tex., Inc.*, 247 B.R. 652, 654 (S.D. Tex. 2000), *aff'd*, 266 F.3d 388 (5th Cir. 2001) ("[a] cause of action that arises after confirmation belongs to the re-organized entity alone . . . and generally is beyond the bankruptcy court's jurisdiction"); Defs' Opp. to Intervention at 9.

[7] Never mind that Quorum has not identified *how* any creditors might be affected by the arbitration.

provision may be overridden where the plaintiff has brought state-law claims that just happen to touch on a bankruptcy proceeding.[8]

Quorum also ignores that the Third Circuit has expressly rejected all of its arguments against enforcement of the FAA. Quorum first suggests that core proceedings afford the bankruptcy court greater discretion to deny a stay than non-core proceedings. *See* Quorum Opp. ¶ 33 & n.2. Wrong: The Third Circuit has held that "[t]he core/non-core distinction does not . . . affect whether a bankruptcy court has the discretion to deny enforcement of an arbitration agreement."[9] *Mintze*, 434 F.3d at 229. Next, Quorum argues that a bankruptcy court may override the FAA where arbitration would "undermine the goal of the centralized resolution of purely bankruptcy issues" or "'the undisputed power of a bankruptcy court to enforce its own orders.'" Quorum Opp. ¶¶ 35, 39-40 (quoting *Anderson*, 884 F.3d at 387). Wrong again: In enacting the current Code, "Congress did not envision all bankruptcy related matters being adjudicated in a single bankruptcy court." *Hays*, 885 F.2d at 1157 (rejecting plaintiff's argument for "a unified and consistent exercise of jurisdiction and supervision over a debtor and the debtor's estate")

---

[8] All of the cases Quorum cites (Quorum Opp. ¶ 37) are inapposite. Several involve plaintiffs who brought statutory claims based on the Bankruptcy Code, which Quorum has not done. *See In re Homaidan*, 587 B.R. 428, 436 (Bankr. E.D.N.Y. 2018) (plaintiff alleged "that certain of his student loans are not exempt from discharge under Bankruptcy Code Section 523, and that the Defendants violated the Court's discharge injunction imposed by Bankruptcy Code Section 524"); *In re Anderson*, 884 F.3d 382, 386 (2d Cir. 2000) (plaintiff alleged violation of 11 U.S.C. § 524(a)(2)); *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1152 (9th Cir. 2016) (trustee "brought fraudulent transfer claims under 11 U.S.C. §§ 544 and 548"). Others find discretion based on the fact that the plaintiffs brought "core" claims, a rationale the Third Circuit explicitly rejected in *Mintze* (*infra* p. 6). *See Moses v. CashCall, Inc.*, 781 F.3d 63, 73 (4th Cir. 2015) (per curiam) (refusing arbitration of a "constitutionally core claim"); *In re White Mountain Mining Co.*, 403 F.3d 164, 169-71 (4th Cir. 2005) (refusing arbitration of a "core issue" that "would have substantially interfered with the debtor's efforts to reorganize"). And one case predates *McMahon* and simply assumes, contrary to Third Circuit precedent, that "[t]he decision to compel or deny arbitration is discretionary." *In re F & T Contractors, Inc.*, 649 F.2d 1229, 1232 (6th Cir. 1981).

[9] Even if this distinction mattered, Quorum's proposed complaint is not a core proceeding. *See* Defs' Opp. to Intervention at 7-8.

(quotation marks omitted). And there is no basis for Quorum's bald assertion that the Trustee cannot "follow through on [its] task" (Quorum Opp. ¶ 40) without resolving this indemnification dispute. *See Mintze*, 434 F.3d at 231 (rejecting argument "that the potential effect on the order of priority and the amount of distribution to Mintze's other creditors was sufficient to create an inherent conflict between the Bankruptcy Code's underlying purposes and arbitration").

Quorum's last-ditch argument is that denying arbitration will "avoid the possibility of inconsistent decisions." Quorum Opp. ¶ 42. This too fails. This is the sort of discretionary consideration of judicial economy that would be appropriate ***only if*** this Court had discretion in the first place—and it does not. *See, e.g.*, *Mintze*, 434 F.3d at 230 (proper inquiry is not "whether the Bankruptcy Court *should* have exercised its discretion," but rather "whether it had the discretion to exercise") (quotation marks omitted). Moreover, Quorum vastly exaggerates the overlap between its declaratory judgment claim and the Code-based claims brought by the Litigation Trustee. Nowhere in Quorum's proposed complaint does it "ask[] the Court to make a determination of the *enforceability* of the same indemnification provisions." *See* Quorum Opp. ¶ 42 (emphasis added). All Quorum alleges is that this particular dispute between the Trustee and Defendants does not fall within the scope of Quorum's indemnification obligations. *See* Adv. Dkt. 54, Ex. 1, ¶ 32 ("Neither the Separation Agreement nor Quorum's governing instruments provide a basis for the Indemnification Request."). Quorum does not allege, as the Trustee does, that the indemnification provisions are voidable in their entirety as constructively or intentionally fraudulent. *See* Adv. Dkt. 1 (Complaint), ¶¶ 128-37. (Nor could it, as fraudulent transfer is a remedy available only to creditors.) A stay in favor of arbitration therefore poses no risk of inconsistent decisions. And in any event, "even if there were some potential for an adverse impact" on the adversary proceeding such as "duplicative proceedings[] or collateral estoppel effect,

[Quorum] has not shown that it would be substantial enough to override the policy favoring arbitration." *Hays*, 885 F.2d at 1158.

In short, Quorum advances no reason for this Court to override the FAA's mandate. Because the Court lacks discretion to deny Defendants' motion for a stay pursuant to 9 U.S.C. § 3, the motion should be granted.

## CONCLUSION

If the Court concludes that it otherwise has jurisdiction over Quorum's proposed complaint, the Court should grant Defendants' motion for a stay pending arbitration.

Date: May 9, 2022                           Respectfully submitted,

/s/ Michael S. Neiburg                      Gary A. Orseck (admitted *pro hac vice*)
Michael S. Neiburg (DE No. 5275)            Alison C. Barnes (admitted *pro hac vice*)
Christopher M. Lambe (DE No. 6846)          William J. Trunk (admitted *pro hac vice*)
YOUNG CONAWAY STARGATT                      Jack A. Herman (admitted *pro hac vice*)
   & TAYLOR LLP                             Lauren C. Andrews (admitted *pro hac vice*)
Rodney Square                               Jason A. Shaffer (admitted *pro hac vice*)
1000 North King St.                         KRAMER LEVIN ROBBINS RUSSELL
Wilmington, DE 19801                        2000 K Street, N.W., 4th Floor
Tel.: (302) 571-6600                        Washington, D.C. 20006
Fax: (302) 571-1253                         Tel: (202) 775-4500
mneiburg@ycst.com                           Fax: (202) 775-4510
clambe@ycst.com                             gorseck@kramerlevin.com

*Counsel for Defendants Community Health*   *Counsel for Defendants Community Health*
*Systems, Inc., W. Larry Cash, and Rachel*  *Systems, Inc., W. Larry Cash, and Rachel Seifert*
*Seifert*