Monday, July 18, 2022

**On Friday, July 15, 2022 I received a notice of a status hearing for today on July 18, 2022. Also on Friday, July 15, 2022 I received a notice for us the first time regarding a oral hearing scheduled for Thursday, July 21, 2022. These are the first notices I have received in regards to these scheduled events or proceedings. I immediately called Marcy McLaughlin – Smith on her mobile phone since she is counsel for Troutman or local counsel for quorum health corporation as an intervenor. The contents of this 27 minute conversation have been archived as evidence for the future. In that conversation Ms. McLaughlin – Smith admitted to me that each I did not get notice and that the discussions of these proceedings occurred with Chambers. This is highly inappropriate particularly given the fact that I had submitted a notice of appearance with a motion to intervene and investigate for avoidance proceedings as a unsecured creditor with an allowed liquidated $100 million claim that has not been satisfied as of yet. Furthermore, I have delineated to all parties with that notice of appearance in late March 2022 that I have evidence of actual fraudulent intent by insiders of quorum health corporation and community health systems in terms of the premeditated plan to file for bankruptcy and to divest assets from the corporation including the fraudulent spinoff originally in April 2016 in which that is the target of the avoidance proceedings altogether. I have asserted that quorum health corporation as the corporate debtor has unclean hands and hence the doctrine of "in Pari delicto" would be asserted which would invalidate a traditional litigation trustee that was given the responsibility to prosecute claims in the avoidance proceedings for the benefit of the estate and unsecured creditors of the estate. However, the litigation trust was not set up in which a formal litigation trustee under 546 a was elected and docketed formally and also that the litigation trust was not set up in which the beneficiaries would be the bankruptcy estate and its unsecured creditors. Hence the litigation trust as set up by the financial sponsors is null and void and the current proceeds in that trust is within the**

arm of the bankruptcy estate given that there are no independent directors of that trust but the directors are employees or partners of the 2 major financial sponsors Golden tree and Davidson Kempner.

As per rule 7012 and 7019 a motion for relief to reschedule the oral hearing of this adversary proceeding 21 – 51190 should be rescheduled as per these rules given the fact that no proper notice and hearing was given since the initial notice to me was given on Friday, July 15, 2022. The defense to this was that I was not given any notice of the status hearing today nor of the oral hearing scheduled for July 21, 2022 and I am a critical part of this controversy as I am a predicate creditor and the only eligible creditor that has come forward to prosecute these claims as the financial sponsors are nonstatutory insiders and recently I have found out that credit Suisse Bank has sold their investment bank claim to UMB North America Bank of Kansas City to clean their hands of their in equitable conduct as a first lien lender. Obviously it seems that the investment bank trust indenture, Wilmington savings, has remained as the indenture as of now. UMB North America utilizing counsel for the indenture trust has filed a motion for relief in a different venue in the S.D.N.Y. against quorum health corporation for inequitable conduct performed by quorum health corporation and its financial sponsors. This was filed in another venue to avoid transparency of the inequitable conduct and the sale of the claim from credit Suisse, which is a corrupt investment bank and sanctioned heavily historically and recently, to the new investment bank UMB North America. The proceedings in 21 – 51190 have been demonstrated a failure to join a party under the Fed. R. Civ. P. 19. An unsecured creditor with an allowed claim has standing to represent the estate and has standing also to prosecute his claim under 544 B1. Actions under 544 B1 must be prosecuted under a predicate creditor and I am the only eligible predicate creditor that is come forward at this time. The Fed. R. Civ. P. rule 19 namely 19 a (1) and subsection B states that a person claims an interest related to the subject of the action and is so situated that disposing of the action in the person's absence may: as a practical matter

impair or impede the person's ability to protect the interest. Any proceedings that occur in my absence can be dismissed based on these assertions. My solution would be to schedule an omnibus hearing given the fact that I will be presenting multiple motions including 455 recusal, 1408 venue transfer, 1144 revocation, 60 B fraud on the court, 727 and 523 revocation of discharge, and also a summary judgment for satisfaction of the $100 million claim. There is also significant criminal implications and I expect that there will be indictments of multiple court officers involved in this case as I am communicating with the Department of Justice. On top of this arbitration is not an option given the fact that quorum health corporation is not agreeing to arbitration as per my discussion with Ms. Marcy McLaughlin – Smith and given the pleadings to date. Ultimately this will need to be adjudicated in an article 3 court namely and article 3 Federal District Ct. because of avoidance proceedings and the criminal implications in which final judgments cannot be rendered in an article 1 Bankruptcy Ct. Furthermore, Judge Brandon Lenihan Shannon is a corrupt judge and I expect that he will be possibly indicted in the near future if not forced to resign or possibly be impeached to the United States Senate. Thank you.

Sincerely,

Rajeev Varma, M.D.