**<span style="color:red">EMERGENCY</span> Motion to intervene as a right as per rule 7024 (a), NOTICE OF DIRECT APPEAL TO 3CA, STAY PENDING APPEAL 8007, CONTINUANCE OF PROCEEDING 7062, RECONSIDERATION OF JUDGEMENT 9023, AMENDMENT OF JUDGMENT 9024**

**on October 25, 2021 Mr. Daniel Golden filed a complaint as an adversarial proceeding as a litigation trustee with the plaintiff being Quorum Health Corporation which is a corporate debtor and a prepackaged Chapter 11 bankruptcy. The main case of the Chapter 11 bankruptcy is BLS 20 – 10766. The adversarial proceeding that was initiated on October 25, 2021 was BLS 21 – 51190. I, Rajeev Varma, am a tort claimant creditor with an allowed liquidated unsecured claim of the amount of $100 million in class 6 of the unsecured creditor class of the main case BLS 20 – 10766. The proof of claim that was filed on June 22, 2020 has now transformed into an allowed claim since there was no formal objection to the claim via rule 9014 and 3007. The confirmation date of the bankruptcy was on June 30, 2020. The effective day of the Chapter 11 bankruptcy was on July 7, 2020 in which a general discharge was rendered in respect to the general unsecured creditors(Class 6) and the corporate debtor. This allowed claim is a final judgment on the merits due to the doctrine of res  judicata and claim preclusion. The elements of rest judicata are the following:**

## 1. Relitigation

Under res judicata, a party cannot bring a claim in a lawsuit once that claim has been the subject of a final judgment in an earlier lawsuit. This usually applies to any new lawsuit filed in any court, not just the court that issued the earlier judgment.

.

## 2. The Same Cause of Action

A party cannot bring the same claim, or cause of action, against the same defendant after a final judgment. We tend to use the terms "claim" and "cause of action" interchangeably, but they do not always have precisely the same meaning in a legal context.

## 3. The Same Parties, or Closely Related Parties

When the parties to a lawsuit are essentially the sam, it is usually easy to determine when a new lawsuit involves the same parties. Res judicata can also bar lawsuits by a person or entity "in privity with" a party to the original lawsuit. This may include anyone acting as an agent for the original plaintiff, or a subsidiary of a corporate plaintiff. The same goes for defendants, such as when an unsuccessful plaintiff tries to bring the same claims against a subsidiary of the defendant or another closely related entity.

**This claim which is a final judgement on the merits is for prepetition liabilities of the corporate debtor (Quorum Health Corporation and its subsidiaries) only.**

Hence, the claim of $100 million is liquidated at a minimum value of $100 million, is an allowed claim, is a tort claim, and that claim is now a final judgment on the merits based on the doctrine of res judicata.

To date, this claim is not satisfied or no distribution of the amount of this claim has occurred as of yet. It is an unsatisfied claim.

The Chapter 11 plan delineated a litigation trust that was formed by the financial sponsors or private equity and Mr. Daniel Golden was selected as a litigation trust trustee. The plan of this litigation trust delineates that the only beneficiaries to this litigation trust are the private equity members or financial sponsors of this Chapter 11 plan. The plan does not make any allowance for unsecured creditors in class 6 to be beneficiaries of this litigation trust. Hence, a litigation trust that was formed for the sole purposes of inuring a favored segment of the creditor class without involving class 6 the unsecured creditors and essentially the bankruptcy estate is in contravention with the Federal bankruptcy code. Furthermore, the mechanics of this avoidance proceeding that is being pursued by the litigation trust must utilize 544 (B) 1 to fully

weaponize the proceedings because the target fraudulent transfer occurred on April 16, 2016 which is almost 4 years prior to the petition date of April 7, 2020. The mechanics of 544 (B) 1 requires an actual predicate unsecured creditor with an allowed claim for presentment as a hurdle before litigation in the avoidance proceedings would potentially begin. As of now, I am the only eligible creditor with an allowed claim that has come forward and can act as a representative of the estate or can act as a individual creditor with an unsatisfied claim who has the right to pursue his claim with attachment of the avoidance proceedings to cure this unsatisfied claim as of now. The financial sponsors have admitted openly in their SEC filing that the financial sponsors and the corporate debtor's through their respective law firms, McDermott Will and Emery and Kirkland and Ellis, that they were mutually drafting the Chapter 11 plan and that the corporate debtor's were paying for the legal fees of the financial sponsors and thus the corporate debtor's were paying for the legal services of Kirkland and Ellis. On top of that, there are multiple provisions in the plan that are illegal and are in contravention of the bankruptcy code and are contradicting what Mr. David hurst has vocalized multiple times during all of the proceedings. There is no question that the financial sponsors have purchased this whole process much like bribery and have demonstrated inequitable conduct including "self-

dealing". None of these negotiations and formulation of this plan has been done at arms length. Hence, the senior noteholders or financial sponsors are unquestionably "nonstatutory insiders". If they are nonstatutory insiders, they should not have voted at all on the plan.

I have evidence unquestionably of premeditation of filing this Chapter 11 plan given the fact that the spinoff was completely fraudulent to begin with and that executive insiders of Quorum health Corporation were integral in both executing the spinoff and the plan for a Chapter 11 bankruptcy. Furthermore, the Quorum health Corporation executive insiders were employees of the original corporation, Community Health Systems, and the scheme of the spinoff occurred with Community Health Systems being an alter ego of Quorum health Corporation. Hence, the corporate insiders of Quorum health Corporation have unclean hands and the doctrine of "In Pari Delicto" exists. If this doctrine exists, then a litigation trustee(i.e. a traditional and legal litigation trustee that has fiduciary duty to the estate and collectively all unsecured creditors) would not be eligible to pursue claims of avoidance. In this case, the litigation trust is not a legal trust or viable trust because of how it is structured. Hence, I can serve as a representative of the bankruptcy estate and can pursue claims on a

derivative basis(retaining different litigation counsel). Alternatively, I can also pursue avoidance proceedings individually to satisfy my $100 million claim. There is no question that I have standing as an intervenor as I am an aggrieved creditor who also has a pecuniary interest. My interests do not align with Quorum health Corporation as a plaintiff in this avoidance proceedings. They would not pursue litigating and utilizing the doctrine of inquiry the electoral. They would not pursue actual fraudulent intent committed by Quorum health Corporation executive's or the lack of fiduciary duty. Only I realistically would be pursuing that in a potential litigation. Quite frankly, the litigation trust is not a legally structured trust for the purposes of 544 B1 and the doctrine of "In Pari Delicto" is in play which would invalidate a prospective litigation trustee that steps into the shoes of the corporate debtor and or estate. On top of that the litigation trust does not have any independent directors and is not bankruptcy remote in terms of the proceeds that would be contained in the currently formed litigation trust.

Judge Brendon Shannon has committed an abuse of discretion by not permitting me to intervene or plead arguments in an upcoming hearing scheduled for Thursday, July 21, 2021.

As I mentioned, there is an adversarial proceeding titled BLS 21 – 51190 in which I did not receive any notice of any of the proceedings contained in that and finally when I discovered that there was an adversarial proceeding that was being conducted outside of the main case and I had emailed the corporate debtor whether a legal trustee has even been elected delineated by 546 a. Evidently a legal trustee has having been elected via this 546 a provision and on top of that the corporate debtor decided to become a silent and not respond to my question. In late March or early April I filed a notice of appearance and I filed a motion to investigate and prosecute claims of avoidance under 544 B1 and 548. This was a timely request and motion done within 2 years of the petition date utilizing the Federal computation of time. On top of that I had received no notice whatsoever and any motion in that time vicinity would be considered timely anyways because of the lack of notice.

Suddenly, after all this time and no notice that was electronically transmitted via electronic docketing on PACER CM/ECF as it should for any hearing or trial, I get an email on Friday, July 15, 2022 by pacer CM ECF with the submitter being Marcie McLaughlin – Smith. Given the history of inequitable conduct that is consistently being performed by the corporate debtor and their attorneys and the

financial sponsors and their attorneys, I decided to call Ms. McLaughlin – Smith on her mobile phone on Friday, July 15, 2022 because the notice all of a sudden mentions that a status hearing will occur on Monday, July 18, 2022 and a hearing to the determined for substantive items would occur on Thursday, July 21, 2022. I spoke with Miss McLaughlin on her mobile phone for 27 minutes. She openly admitted to me that the plan for these hearings occurred exclusively with Chambers and no electronic notice via pacer CM ECF was conducted until the afternoon of Friday, July 15, 2022 when she submitted the notice of hearing for the status hearing on July 18 and the subsequent hearing of Fort substantive items on Thursday, July 21, 2022. The plan for these hearings was conducted in essentially an ex-parte fashion, as I was not given any formal notice of it until Friday, July 15, 2022. As per Collier's bankruptcy manual, they cite an example of 8 days for an intervenor as not even enough time. Statutorily I've should be given 30 days notice to prepare for any hearing to submit a pleading or motion to protect my claim and put protect my right to intervene in an avoidance proceeding in which I have a statutory right to as per 7024 (a). This is not in dispute and yet an illegal order was conveyed by Judge Shannon on July 18, 2022. This order is an abuse of discretion in which he did not allow an adjournment and continuance of that hearing so that I am given proper notice

and for preparation because a lack of notice would be prejudice to me. On top of that, in order delineated that I cannot participate actively or plead arguments in a hearing for tomorrow on July 21, 2022 is illegal and is an abuse of discretion unquestionably. Hence, I have evidence that has been archived for future use of the conversation I had with Ms. Marcie McLaughlin – Smith in which she admitted that I was not given notice of these hearings until Friday, July 15 and that the plan of these hearings was conducted exclusively with Chambers (much like an ex-parte interaction) without notice to me and without input and feedback from me because I have a huge stake in this adversarial proceeding and that is without question.

The rule 7024 is delineated below and the prong that 9 utilizing will be 7024 a. In the event that I do a direct appeal to the 3rd Circuit Court of Appeals if the bankruptcy court denies my motion to intervene as of the right, this order would be a final order that is immediately appealable utilizing 1292. Thus a direct appeal to the 3rd Circuit Court of Appeals utilizing 1292 would be available. As a side note, there is a administrative gap or split on how a movant would pursue an appeal for denial of intervention and that depends on the 2 prongs of 7024. The first prong is the prong that I am pursuing which is 7024 for a which is an intervention of right. Quite

frankly the only answer that is proper when a movant such as myself with my circumstances pursues motion for intervention under 7024 a would be to grant that intervention immediately and unequivocally as that is an unconditional right. A separate and desperate prong is the 7024(B) which is a permissive intervention and is subject to the discretion of the court and hence is treated differently from 7024(a) even on appeals. In addition, Colliers Bankruptcy Manual describes an example of an intervenor only given 8 days notice which the authors describe as insufficient notice and lack of proper notice. Thirty day notice is described as the proper notice to all relevant parties and notice should be rendered officially by PACER CM/ECF NEXTGEN. That case comment of adequacy of notice in Collier's is in Exhibit A. In addition, there are at least two(2) sealed documents submitted by CHS in BLS 21-51190 in which is discovery of those documents for my preparation is required.

# Rule 24 – Intervention

(a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) **Permissive Intervention**.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties'

rights.

(c) **Notice and Pleading Required**. A motion to intervene must be served on the

parties as provided in Rule 5. The motion must state the grounds for intervention and

be accompanied by a pleading that sets out the claim or defense for which intervention

is sought.


In addition, I have a constitutional right to intervene utilizing the 5th and 14th

amendment. I will not rehash those amendments as that should be well understood at

this point. I have submitted this issue and complaint to the United States trustee's

program to the Dir. of the United States trustee Ramona D Elliott.


Given that the hearing is scheduled tomorrow for Thursday, July 21, 2022 at 10:00 AM

Eastern standard Time, this motion is an emergency motion to allow me to intervene

as a party in interest with standing so that I can protect my interest in prosecuting my

claim in respect to the potential $1.21 billion of avoidance proceedings. Allowing other

parties to participate without my participation and in my absence erodes the

bankruptcy estate and does not protect my interest. Everything that I have said to date

is not in dispute and is a fact. I am also stating a fact that is subject to dispute or litigation and that is that subject to the doctrine of in pari delicto the corporate debtor or the bankruptcy estate cannot utilize a litigation trustee under 540 4B1 to pursue prosecution of claims in an avoidance proceeding. A creditor with an allowed unsecured claim can represent the the bankruptcy estate as I have and can also additionally or alternatively pursue his individual claim against the avoidance proceedings. Now I mentioned that that is a fact however that as a fact that is subject to dispute or litigation and hence tomorrow's proceeding with the 4 items cannot occur without my presence and active participation because these are substantive matters that preempt any judgment in regards to the avoidance litigation as of now. I can tell you unequivocally that denial of my right to intervene is an unequivocal abuse of discretion and is the wrong answer every single time.

This judge is as unbelievable and another of his responses should be noted here. On Monday evening I emailed Rachel Bello who is the Deputy for Judge Brendon Shannon and asked her whether the judgment of denial of adjournment of the hearings and also prohibition of my participation to plead or argue in the hearing is a "FINAL ORDER OR INTERLOCUTORY" ORDER. Her answer obviously being only a messenger from the judge is that no legal advice can be offered at this time and so we cannot answer this question for you. Isn't that ridiculous? I have attached the email as evidence of this. IT is located in "EXHIBIT B". That is the responsibility of judge to at least delineate their

judgment whether it is final or interlocutory. I placed in that email the reason why I'm

asking the question in that is so that I can submit an immediate direct appeal for the

3rd Circuit Court of Appeals if indeed it as final order/judgement.


Well folks the answer is:


**"The denial of a motion to intervene of right is an appealable final order under 28 U.S.C. § 1291."**
**Edwards v. City of Houston, 78 F.3d 983, 992 (5th Cir. 1996) (en banc); accord, e.g., City of Houston v.**
**Am. Traffic Solutions, Inc., 668 F.3d 291, 293 (5th Cir. 2012); Trans Chem. Ltd. v. China Nat'l Mach.**
**Imp. & Exp. Corp., 332 F.3d 815, 821–22 (5th Cir. 2003)**


Because there is a hearing at 10:00 AM tomorrow on Thursday, July 21, 2022 I will file

a notice of an appeal which is essentially a protective appeal contingent on the

decision by the bankruptcy court in regards to my motion to intervene. I am also filing

a stay and suspension of proceedings pending this appeal or pending the decision in

regards to my motion to intervene. Perhaps the hearing tomorrow can be another

status hearing to reschedule a hearing such that I have time for preparation as an

intervenor in prosecuting my claims and protecting my interests since I did not get

notice. By no means should any substantive decisions or orders occur at this hearing

tomorrow on Thursday, July 21, 2022 and I will hold every single party liable for allowing this to happen when they know the facts of the matter which is 90% of this pleading are facts that are not disputable at all. What is disputable is what is subject to litigation and that is that the corporate debtor is a bad actor and is subject to the doctrine of "in pari delicto". I am the only party that would litigate that issue and as such my interests do not align with the plaintiff corporate debtor who is trying to prosecute claims in this avoidance proceeding. The criteria for this stay are:

In considering the request for a stay pending appeal, the bankruptcy court analyzed the following four factors:

(1) whether the movant will suffer irreparable injury absent a stay;

(2) whether a party will suffer substantial injury if a stay is issued;

(3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; and

(4) the public interest that may be affected.

The probable irreparable harm is "actual and imminent" and there is no question that an appeal of a denial to intervene as a right would succeed on the movant's part

because 7024(a) is right and a unconditional right given to a party of interest that has standing and I have an allowed unsecured claim that is unsatisfied who has vested interest in the avoidance proceedings and do not share an identity of interest with any party (hence no party would be representing my distinct interest), and I am moving for the right to intervene in advance of the hearing scheduled on July 21, 2022. I only received PACER CM/ECF notice of the hearings this week on Friday, July 15, 2022 and Judge Brendan Shannon only just denied my motion to reschedule hearing given the lack of proper notice on Monday, July 18, 2022.

# Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings

Bookmarking and annotating the Code and Rules is a special benefit of ABI membership. Join ABI or take a Test Drive today, and start making the Code and Rules your own!

**(a) Initial Motion in the Bankruptcy Court.**

(1) In General. Ordinarily, a party must move first in the bankruptcy court for the following relief:

(A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;

(B) the approval of a bond or other security provided to obtain a stay of judgment;

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

(D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).

(2)Time to File. The motion may be made either before or after the notice of appeal is filed.

**(b) Motion in the District Court, the BAP, or the Court of Appeals on Direct Appeal.**

(1) Request for Relief. A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending

(2) Showing or Statement Required. The motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or

(B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

(3) Additional Content. The motion must also include:

(A) the reasons for granting the relief requested and the facts relied upon;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

(4) Serving Notice. The movant must give reasonable notice of the motion to all parties.

**(c) Filing a Bond or other security.** The district court, BAP, or court of appeals may condition relief on filing a bond or other security with the bankruptcy court.

**(d) Bond or other security for a Trustee or the United States** The court may require a trustee to file a bond or other security when the trustee appeals. A bond or other security is not required when

an appeal is taken by the United States, its officer, or its agency or by direction of any department of the federal government.

**(e) Continuation of proceedings in the Bankruptcy Court.** Despite Rule 7062 and subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:

(1) suspend or order the continuation of other proceedings in the case; or

(2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

As such, I am now moving for an injunction or a protective stay of proceedings to maintain the status quo prior to the hearing on Thursday, July 21, 2022 at 10:00 AM Eastern standard Time.

# Rule 62. Stay of Proceedings to Enforce a Judgment

## Primary tabs

(a) Automatic Stay. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

(b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

(c) Stay of an Injunction, Receivership, or Patent Accounting Order. Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

(1) an interlocutory or final judgment in an action for an injunction or receivership; or

(2) a judgment or order that directs an accounting in an action for patent infringement.


(d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment

appealed from is rendered by a statutory three-judge district court, the order must be made either:

  (1) by that court sitting in open session; or

  (2) by the assent of all its judges, as evidenced by their signatures.

(e) STAY WITHOUT BOND ON AN APPEAL BY THE UNITED STATES, ITS OFFICERS, OR ITS AGENCIES. The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government.

(f) STAY IN FAVOR OF A JUDGMENT DEBTOR UNDER STATE LAW. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

(g) APPELLATE COURT'S POWER NOT LIMITED. This rule does not limit the power of the appellate court or one of its judges or justices:

  (1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or

  (2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

(h) Stay with Multiple Claims or Parties. A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

I am also submitting motions under Rule 9023 and 9024 for reconsideration of judgement order enclosed in order of docket #107 of BLS 21-51190 that was entered on Monday, July 18, 2022 (PACER CM/ECF). I am moving for reconsideration of judgement (9023 or FRCP 59) and amendment of judgement(9024 or FRCP 60). These motions are the following:

# Rule 59. New Trial; Altering or Amending a Judgment

## Primary tabs

(a) In General.

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) TIME TO FILE A MOTION FOR A NEW TRIAL. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) TIME TO SERVE AFFIDAVITS. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the

court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

# Rule 60. Relief from a Judgment or Order

## Primary tabs

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is

pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

    (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

   (2) *Effect on Finality.* The motion does not affect the judgment's finality

or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

   (1) entertain an independent action to relieve a party from a judgment,

order, or proceeding;

   (2) grant relief under 28 U.S.C. §1655 to a defendant who was not

personally notified of the action; or

   (3) set aside a judgment for fraud on the court.

(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review,

bills in the nature of bills of review, and writs of coram nobis, coram vobis,

and audita querela.


Again, irreparable harm would occur in my absence to protect my interests

without the right to intervene to protect my interests and to litigate disputed

matters that have a substantive relevance to the avoidance proceedings. I

have looked at the schedule of Judge Shannon and it is empty today and

tomorrow on Thursday, July 21, 2022 there is only the adversarial

proceeding hearing that is being spoken of that should be postponed or

continued to a later date to allow this intervenor proper notice to prepare so

that prejudice against me does not exist. Thank you.

Sincerely,


Rajeev Varma, M.D.

Mobile Phone: (815) 260-7801

e-mail: rajvarmamd@outlook.com