**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-----------------------------------------------------------------x
In re:                                                           :
                                                                 :   Case No. 20-10766 (BLS)
QUORUM HEALTH CORPORATION, et al.,                               :
                                                                 :   Chapter 11
                              Debtor.                            :
                                                                 :
-----------------------------------------------------------------x
                                                                 :
DANIEL H. GOLDEN, AS LITIGATION TRUSTEE                          :
OF THE QHC LITIGATION TRUST, AND                                 :
WILMINGTON SAVINGS FUND SOCIETY, FSB,                            :   Adv. Pro. No. 21-51190 (BLS)
SOLELY IN ITS CAPACITY AS INDENTURE                              :
TRUSTEE,                                                         :   CONFIDENTIALITY
                                                                 :   AGREEMENT AND STIPULATED
                              Plaintiffs,                        :   PROTECTIVE ORDER
                                                                 :
            v.                                                   :
                                                                 :
COMMUNITY HEALTH SYSTEMS, INC.;                                  :
CHS/COMMUNITY HEALTH SYSTEMS, INC.;                              :
REVENUE CYCLE SERVICE CENTER, LLC;                               :
CHSPSC, LLC; PROFESSIONAL ACCOUNT                                :
SERVICES, INC.; PHYSICIAN PRACTICE                               :
SUPPORT, LLC; ELIGIBILITY SCREENING                              :
SERVICES, LLC; W. LARRY CASH; RACHEL                             :
SEIFERT; ADAM FEINSTEIN; AND CREDIT                              :
SUISSE SECURITIES (USA) LLC,                                     :
                                                                 :
                              Defendants.                        :
-----------------------------------------------------------------x
```

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Daniel H. Golden, as Litigation Trustee of the QHC Litigation Trust, and Wilmington Savings Fund Society, FSB, solely in its capacity as indenture trustee (collectively, "QLT"); (b) Quorum Health Corporation ("QHC"); (c) Community Health Systems, Inc., CHS/Community Health Systems, Inc., Revenue Cycle Service Center, LLC; CHSPSC, LLC, Professional Account Services, Inc., Physician Practice Support, LLC; Eligibility Screening Services, LLC; W. Larry Cash; and Rachel Seifert (collectively, "the CHS Parties"); (d) Adam Feinstein ("Feinstein"); and (e) Credit Suisse Securities (USA) LLC ("Credit Suisse" and, together with the CHS Parties and Feinstein, "Defendants"). As used herein, Defendants, QLT, and QHC together are the "Parties" and each is a "Party."

WHEREAS, on April 7, 2020 QHC and its affiliated Debtors commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code as amended in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" or "Court");

WHEREAS, on October 25, 2021, QLT filed an adversary proceeding against the Defendants, No. 21-51190 (BLS) (the "Litigation");

WHEREAS, the Parties have served or will serve each other and third parties with discovery requests and subpoenas seeking information related to the Litigation (all documents and information disclosed during discovery in the Litigation, the "Discovery Materials");

WHEREAS, the Parties have agreed that certain Discovery Materials be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026, and Federal Rule of

Civil Procedure 26 incorporated therein, to protect the confidentiality of sensitive information; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms;

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. <u>Confidential Information</u>.  Any Party or third party producing documents (the "<u>Producing Party</u>") to any Party (the "<u>Receiving Party</u>") may designate as "Confidential" that portion of the Discovery Materials that it in good faith believes meets any of the criteria below, provided that Confidential information shall not include:  information that is publicly available in substantially the same form in which it was provided; information that was, is or becomes public knowledge, not in violation of this Protective Order; information that is voluntarily de-designated by the Producing Party; information rightfully acquired from an independent source without restrictions as to use; or information that is at any time independently developed by a Party without use of or reliance upon any Discovery Materials.  Subject to these conditions and limitations, any Producing Party may designate as "Confidential" any information that the Producing Party reasonably believes in good faith contains or constitutes non-public personal information or other information that is commercially sensitive as of the date of production and that requires the protections provided in this Stipulation, including, but not limited to, (a) non-public information about employee compensation, tax data, or personal financial information; (b) information that is commercially sensitive, including, without limitation, research or business development; (c) information kept confidential pursuant to law or regulation; (d) information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual;

3

or (e) "individually identifiable health information" as defined in 45 C.F.R. § 160.103 (all information designated as such, including the document itself as well as the information therein, the "<u>Confidential Discovery Material</u>").

  2. <u>Highly Confidential Information</u>.  Any Producing Party may designate as "Highly Confidential" that portion of the Discovery Materials that it in good faith believes meets any of the criteria below, provided that "Highly Confidential" information shall not include: information that is publicly available in substantially the same form in which it was provided; information that was, is or becomes public knowledge, not in violation of this Protective Order; information that is voluntarily de-designated by the Producing Party; information rightfully acquired from an independent source without restrictions as to use; or information that is at any time independently developed by a Party without use of or reliance upon any Discovery Materials.  Subject to these conditions and limitations, any Producing Party may designate as "Highly Confidential" any information that the Producing Party reasonably believes in good faith contains or constitutes (a) non-public proprietary information about a Party, (b) non-public proprietary information about clients or customers of the Producing Party, (c) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, or any other or similar state or federal law regarding the protection of private customer information, and (d) any trade secret (all information designated as such, including the document itself as well as the information therein, the "<u>Highly Confidential Discovery Material</u>").

  3. <u>Designation of Documents</u>.   A Producing Party may designate Discovery Materials as Confidential Discovery Material by applying the legend "Confidential" to each page containing any Confidential Discovery Material.  A Producing Party may designate Discovery Materials as Highly Confidential Discovery Material by applying the legend "Highly

Confidential" to each page containing any Highly Confidential Discovery Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Materials. The failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced in accordance with paragraph 9, with the effect that such document is subject thereafter to the protections of this Stipulation. In the case of deposition transcripts, all transcripts will be treated in the same manner as Highly Confidential Discovery Material until the time for the Parties to make any designations expires, as follow: within 30 days of receipt of the transcript for the deposition, the Parties will exchange letters designating the portions of the transcripts that are Highly Confidential or Confidential pursuant to the terms of this Stipulation. After 30 days, all portions of the transcript not so designated will be treated as non-confidential Discovery Material.

    4. <u>Treatment of Highly Confidential Information</u>. Any information designated as "Highly Confidential Discovery Material" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation. Provided that disclosure is not otherwise prohibited by this Stipulation, and that prior to receipt a Non-Disclosure Declaration in the form annexed as an Exhibit hereto is executed by the Receiving Party, Highly Confidential Discovery Material shall only be disclosed to (a) current employees, officers, or

directors of the Party designating the information as Highly Confidential Discovery Material; (b) former employees, officers or directors of the Party designating the information as Highly Confidential Discovery Material, provided that counsel has a good-faith basis for believing that such former employees, officers or directors had access to or knowledge of the Highly Confidential Discovery Material when they were current employees of the designating Party, and provided that counsel ascertain as soon as practicable whether such former employees, officers or directors had such access, and provided that upon the first indication that such former employees, officers or directors did not have such access, counsel must immediately refrain from any further disclosure to such former employees, officers or directors; (c) in-house counsel of a Party (including the Litigation Trustee), outside counsel of record who has appeared in the Litigation on behalf of a Party, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with the Litigation; (d) litigation support services, including outside copying services; (e) persons expected to be deponents, trial witnesses and hearing witnesses in the Litigation and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Discovery Material, and provided that counsel ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses; (f) any person identified as an author of a document, or any person to whom a copy of such document was sent prior to its production in the Litigation; (g) court officials involved in the Litigation; (h) court reporting personnel involved in taking or transcribing testimony in the Litigation; (i) any mediator or arbitrator engaged by the Parties to the Litigation, or appointed by the Court, and their

supporting personnel; and (j) outside consultants or experts and their supporting personnel retained for the purpose of assisting outside counsel of record who has appeared in the Litigation on behalf of a Party in the Litigation, provided that they comply with the requirements of paragraph 11.

5. <u>Treatment of Confidential Information</u>.  Any information designated as "Confidential Discovery Material" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation.  Provided that disclosure is not otherwise prohibited by this Stipulation, Confidential Discovery Material shall only be disclosed to (a) Parties or persons to whom Highly Confidential Discovery Material may be disclosed as set forth in paragraph 4; (b) current and former employees, officers, or directors of QLT, QHC, the CHS Parties, Credit Suisse, or any party that joins or is joined to the Litigation that has satisfied the requirements of paragraph 13, provided that disclosure is reasonably necessary to the Litigation; and (c) persons expected to be deponents, trial witnesses, and hearing witnesses in the Litigation and counsel to such persons.

6. <u>Permitted Purposes</u>.  All Discovery Materials disclosed in this Litigation (except such materials publicly available in substantially the same form), whether or not containing Confidential or Highly Confidential Discovery Materials, shall be used solely in connection with this Litigation (including appeals, retrials, counterclaims or crossclaims).  Absent the express permission of the Producing Party, Discovery Materials may not otherwise be used in connection with any other litigation, judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.  Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential or Highly Confidential Discovery Material, and any electronic

image or database containing Confidential or Highly Confidential Discovery Material shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image or database is derived.  No Confidential or Highly Confidential Discovery Material shall be used for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.  Notwithstanding the foregoing or any other provision of this Order, if a Party or third party designates its own Discovery Materials as Confidential or Highly Confidential in this Litigation, such party shall not be precluded by the terms of this Order from using such Discovery Materials in any manner it sees fit, without prior consent of any party or the Court.

7. <u>Court Filings</u>.  Unless otherwise agreed by the Producing Party, all material designated as "Confidential" or "Highly Confidential"  filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential Material or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.  Parties filing pleadings containing or attaching Confidential Material or Highly Confidential Material under seal may reference this Order in the pleading in lieu of filing a motion under Local Rule 9018-1.

8. <u>Compelled Disclosure</u>.  Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand, or other similar legal or investigative process) to disclose any Discovery Materials, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement.  In no event will a Receiving Party oppose action by a Producing Party to

obtain a protective order or other relief to prevent the disclosure of the Discovery Materials or to obtain reliable assurance that confidential treatment will be afforded to any Confidential or Highly Confidential Discovery Material contained therein.

9. <u>Inadvertent Production Of Privileged Discovery Material</u>:  Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. Subject to the Receiving Party's obligations to return or destroy the Inadvertently Produced Privileged Information, if the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within five (5) days of receipt of the Producing Party's notification. The Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved, except as necessary to dispute the asserted privilege. The Parties shall thereafter meet and confer regarding the

disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies.

10. <u>No Waiver</u>.  Neither this Stipulation nor disclosure of any Confidential or Highly Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery Material other than the right to use such Confidential or Highly Confidential Discovery Material solely in accordance with this Stipulation.  It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof.  If at any time a Producing Party determines or realizes that its designation of certain testimony or some portion(s) of Discovery Materials that it previously produced should be changed or withdrawn, the Producing Party may apprise the Parties in writing, and such testimony or portion(s) of Discovery Materials will thereafter be treated consistent with the Producing Party's change in designation (or withdrawal) under the terms of this Stipulation, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "Confidential" or "Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall promptly return to the Producing Party or destroy the copies of such substituted Discovery Materials. Entry into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

11. <u>Objections to Designation</u>.  In the event a Receiving Party objects to any designation of testimony or Discovery Materials as "Confidential" or "Highly Confidential," the Receiving

Party shall so inform the Producing Party, stating the grounds of the objection, and they shall have seven (7) business days to attempt to resolve the objection, at the end of which the Receiving Party may seek a ruling from the Court, on no less than six (6) business days' notice to the Producing Party, that such information should not be treated as Confidential or Highly Confidential Discovery Material, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on the Producing Party to justify the claim that disputed material has been properly designated.  Notwithstanding a Producing Party's designation of Discovery Materials as "Confidential" or "Highly Confidential," nothing in this Stipulation shall limit any third party's right to challenge such designation in the Court or any other court of competent jurisdiction.

12. <u>Use by any Professional Firm or Individual Retained in Connection with the Litigation</u>.  Counsel for the Party retaining any professional firm or individual in connection with the Litigation, including outside consultants or experts (collectively, the "<u>Permitted Recipients,</u>" and each a "<u>Permitted Recipient</u>"), shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.  Counsel for the Party retaining any such Permitted Recipient shall retain the original or a copy of each such signed Non-Disclosure Declaration.  Service or disclosure of the Non-Disclosure Declaration to any other Party shall not be required.

13. <u>Additional Parties</u>.  In the event an additional party joins or is joined in the Litigation, it shall not have access to Confidential or Highly Confidential Discovery Material

until the newly-joined party has itself, or by its counsel, executed and filed with the Court its agreement to be fully bound by this Stipulation.

    14. <u>Third Party Beneficiaries</u>.  Third parties that produce documents pursuant to a subpoena or otherwise respond to discovery requests in the Litigation are intended third-party beneficiaries of this Stipulation and have the right to enforce the terms of this Stipulation, as necessary to, *inter alia*, protect the confidentiality of the Confidential or Highly Confidential Discovery Materials they produce.

    15. <u>Enforcement Pending Entry</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.  The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

    16. <u>Disposition of Confidential and Highly Confidential Discovery Material</u>.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving all Litigations among the Parties hereto arising out of or relating to the Litigation, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties; provided, however, that outside counsel of record who has appeared in the Litigation on behalf of a Party may retain a single archival copy of all documents produced.  Documents that have been received electronically and that cannot be returned or destroyed must

be electronically deleted and deleted from "trash" files. This paragraph 16 applies to Confidential or Highly Confidential Discovery Material only, and does not require that counsel for the Parties destroy work product or correspondence.

Dated: October 23rd, 2023
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order Between QLT, QHC and CHS, dated _____, 2023, in the matter entitled *Golden v. Cmty. Health Sys.* (*In re Quorum Health Corp.*), Adversary Proceeding No. 21-51190 (BLS) which is pending in the United States Bankruptcy Court for the District of Delaware;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this Litigation (as defined in the Protective Order), any information designated as "Confidential" or "Highly Confidential."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

1