## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>QUORUM HEALTH CORPORATION, *et al.*,<br><br>       Debtor. | Chapter 11<br><br>Case No. 20-10766 (BLS) |
| DANIEL H. GOLDEN, AS LITIGATION TRUSTEE OF THE QHC LITIGATION TRUST, AND WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE,<br><br>      Plaintiffs,<br><br>  v.<br><br>COMMUNITY HEALTH SYSTEMS, INC.; CHS/COMMUNITY HEALTH SYSTEMS, INC.; REVENUE CYCLE SERVICE CENTER, LLC; CHSPSC, LLC; PROFESSIONAL ACCOUNT SERVICES, INC.; PHYSICIAN PRACTICE SUPPORT, LLC; ELIGIBILITY SCREENING SERVICES, LLC; W. LARRY CASH; RACHEL SEIFERT; ADAM FEINSTEIN; AND CREDIT SUISSE SECURITIES (USA) LLC,<br><br>      Defendants. | Adv. Pro. No. 21-51190 (BLS) |

## DEFENDANT ADAM FEINSTEIN'S MOTION FOR SUMMARY JUDGMENT

1. Defendant Adam Feinstein hereby respectfully moves (the "Motion") this Court for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, granting summary judgment in favor of Mr. Feinstein with respect to all remaining counts of the Complaint filed by Daniel H. Golden, as Litigation Trustee of the QHC Litigation Trust and Wilmington Savings Fund Society, FSB, solely

in its capacity as Indenture Trustee (collectively, the "Plaintiffs") in the above-captioned adversary proceeding.

2.     The factual and legal bases for the relief requested herein are set forth in the accompanying (i) *Memorandum in Support of Defendant Adam Feinstein's Motion for Summary Judgment* (the "Memorandum"), (ii) *Declaration of Shane Kunselman in Support of Adam Feinstein's Motion for Summary Judgment* (the "Kunselman Declaration"), including the documents attached thereto, and (iii) *Defendant Adam Feinstein's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment* (the "Statement of Undisputed Facts"),  which are being filed concurrently herewith and are incorporated by reference.  Because the Memorandum, Statement of Undisputed Facts, and Kunselman Declaration, including the documents attached thereto, contain large volumes of material designed as "Confidential" by various parties, those documents are being filed under seal pursuant to Paragraph 7 of the Court's Protective Order (Doc. No. 180).

3.     As set forth in the Memorandum, summary judgment in favor of Mr. Feinstein is warranted with respect to Plaintiffs' illegal dividend claim (Count Thirteen) because, *inter alia*: (1) the challenged distribution of funds was not a "dividend" under the applicable statute; (2) even if it was, the corporation's board of directors appropriately determined that the corporation had sufficient surplus to make such dividend; and (3) even if it did not, Mr. Feinstein still cannot be held liable because he reasonably relied on the records and advice of the corporation and its advisors in considering and approving the distribution.  Plaintiffs' illegal dividend claim is also barred by claim preclusion.

4.     Defendants Community Health Systems, Inc. ("CHSI"), Larry Cash, and Rachel Seifert (collectively, "CHSI Defendants") are making a simultaneous motion for summary

judgment (such motion, together with its supporting papers, "CHSI Defendants MSJ").  With respect to Plaintiffs' illegal dividend claims, Mr. Feinstein joins CHSI Defendants' MSJ insofar as the facts and arguments set forth therein warrant summary judgment in favor of Mr. Feinstein as well.

5.    Summary judgment in favor of Mr. Feinstein is warranted with respect to Plaintiffs' fraudulent transfer claims to avoid releases in Mr. Feinstein's favor (Counts Five, Six, Seven, and Eight) because, *inter alia*: (1) such claims are moot because there is no liability against Mr. Feinstein in this action (including for the purported "illegal dividend"), so there are no applicable releases to avoid (*see* Plaintiffs' Prayer For Relief ¶¶ D-E (seeking to avoid releases only insofar as "they apply to any of the causes of action asserted herein")); and, in any event, (2) the corporation was solvent when it granted the releases, and (3) Mr. Feinstein did not obtain the releases in bad faith.

6.    With respect to Plaintiffs' fraudulent transfer claims, Mr. Feinstein joins CHSI Defendants' MSJ insofar as the facts and arguments set forth therein warrant summary judgment in favor of Mr. Feinstein as well.

7.    Summary judgment in Mr. Feinstein's favor on all remaining claims against him necessitates his full and final dismissal from this proceeding.

8.    Pursuant to Rule 7012-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Mr. Feinstein consents to the entry of a final order or judgment on the Motion by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**WHEREFORE**, Mr. Feinstein respectfully requests that this Court enter an order in substantially the form attached hereto as **Exhibit A** and grant such further relief as the Court may deem necessary and proper.

Dated: August 25, 2025

/s/ Michael S. Neiburg
Michael S. Neiburg (DE No. 5275)
Christopher M. Lambe (DE No. 6846)
YOUNG CONAWAY STARGATT
& TAYLOR LLP
Rodney Square
1000 North King St.
Wilmington, DE 19801
Tel.: (302) 571-6600
Fax: (302) 571-1253
mneiburg@ycst.com
clambe@ycst.com

Marc B. Kramer (admitted *pro hac vice)*
Sheila A. Sadighi (admitted *pro hac vice*)
Shane Kunselman (admitted *pro hac vice*)
ROLNICK KRAMER SADIGHI LLP
One Pennsylvania Plaza
New York, NY 10119
Tel.: (212) 597-2800
mkramer@rksllp.com
ssadighi@rksllp.com
skunselman@rksllp.com

*Counsel for Defendant Adam Feinstein*