**EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>QUORUM HEALTH CORPORATION, *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10766 (BLS) |
| DANIEL H. GOLDEN, AS LITIGATION TRUSTEE OF THE QHC LITIGATION TRUST, AND WILMINGTON SAVINGS FUND SOCIETY, FSB, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC.; CHS/COMMUNITY HEALTH SYSTEMS, INC.; REVENUE CYCLE SERVICE CENTER, LLC; CHSPSC, LLC; PROFESSIONAL ACCOUNT SERVICES, INC.; PHYSICIAN PRACTICE SUPPORT, LLC; ELIGIBILITY SCREENING SERVICES, LLC; W. LARRY CASH; RACHEL SEIFERT; ADAM FEINSTEIN; AND CREDIT SUISSE SECURITIES (USA) LLC,<br><br>Defendants. | Adv. Pro. No. 21-51190 (BLS) |

**ORDER GRANTING *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF
PATRICK ALLEN PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

Upon *Defendants Community Health Systems, Inc., CHS/Community Health Systems, Inc.,*

*Revenue Cycle Service Center, LLC, CHSPSC, LLC, Professional Account Services, Inc.,*

*Physician Practice Support, LLC, Eligibility Screening Services, LLC, W. Larry Cash, Rachel*

*Seifert, Adam Feinstein, And Credit Suisse Securities (USA) LLC's* Daubert *Motion To Exclude*

*The Testimony Of Patrick Allen Pursuant To Federal Rule Of Evidence 702* (the "Motion"); the Court, having reviewed the Motion, the *Daubert* Memorandum[1] (including the exhibits attached to the Orseck Declaration), and the responses thereto, if any; and the Court having subject matter jurisdiction to consider and to determine the Motion in accordance with 28 U.S.C. § 1334; and the Court having determined that the legal and factual bases set forth in the Motion and the *Daubert* Memorandum establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pursuant to Rule 702 of the Federal Rules of Evidence, the testimony and opinions of Patrick Allen are hereby excluded. The Court will not consider the testimony and opinions of Patrick Allen with respect to the above-captioned proceeding.

3. This Court shall retain exclusive jurisdiction to hear and determine any disputes arising form or relating to the interpretation, implementation, and enforcement of the terms and provisions of this Order

---

[1] Capitalized terms not defined herein shall have the same meaning as that ascribed to them in the Motion.